**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| JOSEPH E. MARTIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 26-CV-00030-GKF-CDL |
| | ) | |
| ARMSTRONG TRANSFER & | ) | |
| STORAGE CO., INC./ARMSTRONG | ) | |
| RELOCATION COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

This matter comes before the court on the Motion to Dismiss Plaintiff's Complaint [Doc. 11] of defendant Armstrong Transfer & Storage Co., Inc. For the reasons set forth below, the motion is denied.

### Background/Procedural History

This is an action for unpaid overtime under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*[1] In the Complaint, plaintiff Joseph E. Martin alleges that, "[f]rom the year 2022 until January 12, 2026, [he] was employed by [Armstrong] in its warehouse." [Doc. 2, p. 1, ¶ 4]. Mr. Martin asserts that, "[d]uring that time frame, [he] worked numerous hours in excess of 40 per

---

[1] Pursuant to the FLSA's overtime provision,

> no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1).

week for which he was not paid or paid at time-and-a-half, resulting in an amount due to him of approximately $70,000." [*Id.* ¶ 5]. Armstrong seeks dismissal of the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). [Doc. 11].

### Rule 12(b)(6) Legal Standard

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a claim that "fail[s] to state a claim upon which relief can be granted." "To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead sufficient factual allegations 'to state a claim to relief that is plausible on its face.'" *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.,* 861 F.3d 1081, 1104 (10th Cir. 2017) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Brokers' Choice of Am., Inc.,* 861 F.3d at 1104 (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)). "Mere 'labels and conclusions' and 'a formulaic recitation of the elements of a cause of action' are insufficient." *Estate of Lockett ex rel. Lockett v. Fallin*, 841 F.3d 1098, 1107 (10th Cir. 2016) (quoting *Twombly,* 550 U.S. at 555). The court accepts as true all factual allegations, but the tenet is inapplicable to legal conclusions. *Iqbal*, 556 U.S. at 678. "Accordingly, in examining a complaint under Rule 12(b)(6), [the court] will disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable." *Waller v. City & Cnty. of Denver*, 932 F.3d 1277, 1282 (10th Cir. 2019) (quoting *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012)). The court "must determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007) (quoting *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007)).

**Analysis**

Armstrong contends that Mr. Martin's Complaint should be dismissed for two reasons:  (1) Mr. Martin is a salaried, exempt employee and is therefore ineligible for overtime; and (2) failure to plausibly allege a FLSA violation.  The court separately considers each argument.

*A.        Exempt Employee*

As previously stated, Armstrong argues that Mr. Martin "was in fact a salaried, exempt employee ineligible for overtime pay."  [Doc. 11, p. 3].  However, "[s]tatutory exemptions from the FLSA *are affirmative defenses* and the employer bears the burden of establishing entitlement." *Scalia v. Paragon Contractors Corp.*, 957 F.3d 1156, 1165 (10th Cir. 2020) (emphasis added).  As recognized by the Tenth Circuit, it is proper to dismiss on the pleadings based on an affirmative defense "only when the complaint itself admits all the elements of the affirmative defense by alleging the factual basis for those elements."  *Fernandez v. Clean House, LLC*, 883 F.3d 1296, 1299 (10th Cir. 2018).  Further, because it is the employer's burden to establish that a statutory exemption applies, "[p]laintiff need not plead facts establishing that he is a non-exempt employee." *Kenney v. Helix TCS, Inc.*, 284 F. Supp. 3d 1186, 1190 (D. Colo. 2018), *affirmed*, 939 F.3d 1106 (10th Cir. 2019); *see also Luna Vanegas v. Signet Builders, Inc.*, 46 F.4th 636, 645 (7th Cir. 2022) ("In the FLSA context, a plaintiff will typically meet this bar by alleging that [he] was owed wages and that those wages were never paid. . . .  A complaint need not anticipate—much less refute—a possible affirmative defense.").

Mr. Martin does not "admit[] all the elements of" a FLSA statutory exemption.  *See Fernandez*, 883 F.3d at 1299.  Nor was Mr. Martin under any obligation to plead facts with respect to his status as an exempt or non-exempt employee.  *See Kenney,* 285 F. Supp. 3d at 1190.  Thus, dismissal based on the exempt employee affirmative defense is improper.

B.      *Failure to State a Claim*

Armstrong next contends that dismissal is warranted because Mr. Martin fails to state a plausible FLSA overtime claim.  Specifically, citing *ElHelbawy v. Pritzker*, an unpublished Tenth Circuit panel decision, Armstrong asserts that, to survive a motion to dismiss, plaintiff must allege that he "worked more than forty hours in a given workweek without being compensated for the overtime hours worked during that workweek."  [Doc. 11, p. 3 (quoting *ElHelbawy v. Pritzker*, 663 F. App'x 658 (10th Cir. 2016))].

Armstrong reads *ElHelbawy* too broadly.  As recognized by other district judges in this circuit, "[t]he actual holding of the [*ElHelbaway*] was limited . . . because the plaintiff there failed to even state that she 'worked more than 40 hours in any week or that, if she did, she was not paid overtime for those hours.'"  *Gandy v. RWLS, LLC*, 308 F. Supp. 3d 1220, 1223 (D.N.M. 2018).  Thus, *ElHelbawy* "does not resolve whether the Tenth Circuit would also have required an allegation of a specific workweek."  *Id.*  This court is not bound by the dicta in *ElHelbawy*.  *See Florece v. Jose Pepper's Rests., LLC*, No. 20-CV-02339-TC-ADM, 2021 WL 722822, at *4 (D. Kan. Feb. 24, 2021).

"Subsequent to the Supreme Court's decisions in *Twombly* and *Iqbal*, the Tenth Circuit has not addressed the degree of specificity required to state a claim for failure to pay overtime wages under the FLSA."  *Guereca v. Cordero*, 487 F. Supp. 3d 1138, 1154 (D.N.M. 2020).  However, district courts within the Tenth Circuit have routinely declined to require detailed factual allegations regarding specific workweeks in which plaintiff worked more than forty hours and was not paid overtime.  *See Knutson v. Sec. Nat'l Mortg. Co.*, No. 25-CV-00119-JNP-CMR, 2025 WL 3268469, at **3-4 (D. Utah Nov. 24, 2025); *see also Guereca*, 487 F. Supp. 3d at 1155 ("In light of the persuasive authority from other district courts in the Tenth Circuit, the Court is convinced

that a complaint need not specify either the dates on which the plaintiff worked over forty hours per week, or the number of hours worked over forty."); *Gandy,* 308 F. Supp. 3d at 1225 ("Although Plaintiff has not specified a particular workweek, the Court is not convinced that the Tenth Circuit will require that particular fact, so long as other facts nudge the claim to the plausible."); *Davis v. Steward Energy II, LLC*, No. 20-CIV-966-KG-JHR, 2021 WL 1946406, at **2-3 (D.N.M. May 14, 2021); *Cooper v. Coil Chem, LLC*, No. CIV-16-473-D, 2016 WL 7168235, at **2-3 (W.D. Okla. Dec. 8, 2016).

Instead, district courts have generally declined to dismiss a FLSA overtime claim where the complaint alleges that the employee "regularly" or "routinely" worked more than forty hours per workweek and they were not paid time-and-a-half for those overtime hours. *See Gandy,* 308 F. Supp. 3d at 1225; *Knutson,* 2025 WL 3268469, at *3; *Davis,* 2021 WL 1946406, at *3; *Cooper*, 2016 WL 7168235, at *3.

Here, Mr. Martin alleges that, from 2022 to January 12, 2026, he was employed by Armstrong, a company engaged in commerce as defined by the FLSA. [Doc. 2, p. 1, ¶¶ 1-4]. Mr. Martin further alleges that, "[d]uring that timeframe," he worked "numerous hours in excess of 40 per week for which he was not paid or paid at time-and-a-half." [*Id.* at ¶ 5]. As a result, Mr. Martin asserts that he is owed approximately $70,000. [*Id.*]. Thus, Mr. Martin alleges that he was employed by an employer, that he worked hours in excess of forty hours per week, and that he was not paid time and a half for hours worked in excess of forty hours week. *See Cooper*, 2016 WL 7168235, at *3. Further, Mr. Martin has alleged additional facts, including that he was employed in Armstrong's warehouse and the amount of overtime wages he believes that he is owed. [Doc. 2, p. 1, ¶¶ 4-5].

Viewing these allegations in the light most favorable to plaintiff, the court may reasonably

infer that Mr. Martin regularly worked more than forty hours per workweek and that he was not paid time-and-a-half for hours worked in excess of forty.  Thus, Mr. Martin has alleged sufficient facts to nudge his FLSA claim from conceivable to plausible, although barely.  *See Gandy*, 308 F. Supp. 3d at 1225; *Knutson*, 2025 WL 3268469, at **3-4; *Florece,* 2021 WL 722822, at *4; *Davis,* 2021 WL 1946406, at *3; *Cooper*, 2016 WL 7168235, at *3.

### Conclusion

WHEREFORE, the Motion to Dismiss Plaintiff's Complaint [Doc. 11] of defendant Armstrong Transfer & Storage Co., Inc. is denied.

IT IS SO ORDERED this 7th day of May, 2026.

GREGORY K. FRIZZELL
UNITED STATES DISTRICT JUDGE